IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CARELLA, BYRNE, BAIN, GILFILLAN,
  CECCHI, STEWART & OLSTEIN
John G. Gilfillan III, Esq. (0787)
David G. Gilfillan, Esq. (4518)
5 Becker Farm Road
Roseland, New Jersey 07068
(973)994-1700
Attorneys for Plaintiff

| | |
|---|---|
| DICAR, INC. and ROBUD | CIVIL ACTION NO. 05-5426 (DMC) |
| Plaintiff(s), | **JURY TRIAL DEMANDED** |
| v. | |
| STAFFORD CORRUGATED PRODUCTS, INC. | |
| Defendant(s). | |

## COMPLAINT

Plaintiffs Dicar, Inc. ("Dicar") and Robud, by way of Complaint against Defendant Stafford Corrugated Products, Inc. ("Stafford"), for their cause of action allege as follows:

## THE PARTIES

1. Plaintiff Dicar is a New Jersey corporation with a principal place of business at 10 Bloomfield Avenue, Pine Brook, New Jersey 07058.

2. Plaintiff Robud is a Florida partnership with a principal place of business at 10 Bloomfield Avenue, Pine Brook, New Jersey 07058.

3. Upon information and belief, Defendant Stafford is a North Carolina corporation with a principal place of business at 131 Business Park Drive, India Trail, North Carolina 28079.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §271 et seq., for federally registered trademark infringement under the trademark Laws of the United States, 15 U.S.C. §1051 et seq., for acts of statutory unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); and for other claims of unfair competition that are so related to claims in this action that they form part of the same case or controversy.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338(a) and (b) and 1367.

6. This Court has personal jurisdiction over Stafford by virtue of Stafford's systematic and continuous contacts within this judicial district and by virtue of its activities within this judicial district constituting infringement of Plaintiffs' patents and trademark identified herein as well as the acts of unfair competition identified herein.

7. Upon information and belief, Defendant Stafford conducts a significant portion of its business through use of the Internet: e.g. providing contact information as to Stafford personnel; providing job application information for prospective employees and soliciting such prospective employees to apply for employment; providing graphic and pictorial depiction of Stafford products; inviting prospective customers to communicate with Stafford personnel; and publishing a company directory for providing direct access to Stafford by its customers.

8. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(c).

## FACTUAL BACKGROUND

9. Plaintiff Dicar is in the business of providing products for use in the rotary die cutting industry, particularly as it relates to cutting a continuously moving web of sheet material such as cardboard and corrugated paperboard.

10. One of such products is a die cutter blanket which is used to cover an anvil roller. The blanket includes a polyurethane coating bonded to a sheet metal liner which is secured to an anvil roller channel by interlocking male and female locking portions secured to the blanket ends. (See generally the detailed description set out in Plaintiffs' U.S. Patent No. 5,720,212, copy attached hereto as Attachment A, and U.S. Patent No. 5,916,346, copy attached as Attachment B.

11. A second such product, disclosed in attachment B, includes a polyurethane layer bonded to a sheet metal liner and secured to an anvil roller channel by depending interlocking male and female locking members at respective blanket ends.

12. On information and belief, Stafford regularly and systematically solicits and transacts business within this judicial district and has derived financial benefit from its activities in this

judicial district, including benefits directly related to the acts of patent infringement giving rise to this action.

13. Dicar is the owner of the entire right, title and interest in and to the trademark "COLOR BLUE" as used for rotary die-cutting machines and components therefor, particularly for use in the corrugated box and cardboard packaging and manufacturing industry, as well as U.S. Trademark Registration No. 2,660,972 therefor which issued on December 17, 2002 ("registration '972, a copy of which is attached as Exhibit C).

14. The '972 trademark for the color blue consists of blue coloring material blended into the material of the goods and visible when the goods are installed.

15. The color blue trademark as well as the '972 registration therefor are in full force and effect.

16. The color blue trademark was first used by Dicar anywhere and first used in commerce in 1983 and has continued in such use.

17. Products marketed by Dicar under the trademark "COLOR BLUE" are of high quality.

18. Dicar has invested significant sums of money to promote and market products under the "COLOR BLUE" trademark as a result of which the "COLOR BLUE" trademark has become a valuable indicator of quality products marketed by Dicar.

19. Robud is the owner of all right, title and interest in and to an invention of a Die Cutter Blanket and U.S. Patent No. 5,916,346 therefor (the '346 patent, a copy of which is attached as Exhibit B).

20. Robud is the owner of all right, title and interest in and to an invention of a Locking Arrangement for Die Cutter Blanket and U.S. Patent No. 5,720,212 therefor (the "'212 patent", a copy of which is attached as Exhibit A").

21. By License Agreement dated September 28, 1978, (the "License Agreement") Robud granted to Dicar an exclusive license "to make, have made, use and sell licensed apparatus in the United States and otherwise throughout the world."

22. The License Agreement provides that under various circumstances either Robud or Dicar, or both, may, in their respective names or in the name or names of others, bring an action or actions to enforce the licensed property rights.

23. Defendant Stafford has promoted and offered for sale die cutter blankets for use in rotary die cutter machines and which are colored blue.

24. Upon information and belief, Defendant Stafford has offered for sale and/or sold die cutter blankets and locking devices therefor which fall within the scope of one or more of the claims of each of the '212 patent and/or the '346 patent.

25. At all times relevant, Defendant Stafford had knowledge of Plaintiffs' trademark and patent rights but failed, refused or neglected to cease infringing Plaintiffs' rights. However, Plaintiffs have reason to believe that at least for the present time Stafford has ceased coloring its blankets to be blue.

26. At no time has Stafford been authorized, licensed or permitted by Plaintiffs to sell, promote or market products under the trademark "COLOR BLUE."

## CAUSES OF ACTION

### COUNT I
### (Registered Federal Trademark Infringement)

27. Plaintiffs repeat the allegation of Paragraphs 1-26 of the complaint as if set out herein at length.

28. Dicar has demanded that Stafford cease and desist the marketing and selling of die cutter blankets in the color blue. Although Stafford initially refused, or neglected to so cease and desist, upon information and belief, at some more recent point in time, Stafford appears to have changed the color of its die cutter blanket from blue to green. There is nothing to suggest that but for an Order of the Court, Stafford will not resume marketing blankets in the color blue.

29. Upon information and belief, the infringing conduct of Stafford in violation of Plaintiffs' rights has caused Plaintiffs to lose sales and/or royalties.

30. The infringing conduct of Stafford has or is likely to cause confusion and mistake in the minds of consumers that the die cutter blankets being offered for sale and sold by Stafford are the same as, associated with, or approved by Plaintiffs.

31. The conduct of Stafford constitutes infringement of Dicar's' registered trademark rights in violation of 15 U.S.C. §1116(1), as well as a violation of Robud's rights to earned royalties, as a result of which, upon information and belief, Plaintiffs have been damaged.

32. Plaintiffs have no adequate remedy at law.

## COUNT II
### (Federal Statutory Unfair Competition)

33. Plaintiffs repeat the allegations of paragraphs 1-32 of this Complaint as if set out herein at length.

34. The conduct of Defendant Stafford constitutes a false designation of origin of die cutter blankets in violation of Section 43(a) of the Lanham Act. (15 U.S.C. §1125(a)) as a result of which, upon information and belief, Plaintiffs have been damaged.

35. Plaintiffs have no adequate remedy at law.

## COUNT III
### (Common Law Trademark Infringement)

36. Plaintiffs repeat the allegations of paragraphs 1-35 of this Complaint as if set out herein at length.

37. The conduct of Defendant Stafford constitutes infringement of Plaintiffs' common law trademark rights as a result of which, upon information and belief, Plaintiffs have been damaged.

38. Plaintiffs have no adequate remedy at law.

## COUNT IV
### (Common Law Unfair Competition)

39. Plaintiffs repeat the allegations of Paragraph 1-38 of this Complaint as if set out herein at length.

40. The conduct of Defendant Stafford constitutes unfair competition in violation of Plaintiffs' common law rights as a result of which, upon information and belief, Plaintiffs have been damaged.

41. Plaintiffs have no adequate remedy at law.

## COUNT V
### (Infringement of the '212 Patent)

42. Plaintiffs repeat the allegations of Paragraphs 1-41 of this Complaint as if set out herein at length.

43. On information and belief, Stafford has been and still is infringing, contributing to the infringement of, and/or inducing infringement of one or more claims of the '212 Patent by

making, using, selling, and/or offering for sale products that are covered by one or more claims of the '212 patent in violation of 35 U.S.C. §271, et seq.

44. On information and belief, Stafford's acts of direct, contributory and/or induced infringement of the '212 patent have been willful and deliberate and with actual notice and knowledge of the '212 patent.

45. Stafford's infringement of the '212 patent has caused and will continue to cause damage and irreparable injury to Plaintiffs for which there is no adequate remedy at law. Unless enjoined by this Court, Defendant Stafford will continue its acts of infringement, causing Plaintiffs' substantial and irreparable harm.

## COUNT VI

### (Infringement of '346 Patent)

46. Plaintiffs repeat the allegations of Paragraphs 1-45 of this Complaint as if set out herein at length.

47. On information and belief, Stafford has been and still is infringing, contributing to the infringement of, and/or inducing infringement of one or more claims of the '346 Patent by making, using, selling, and/or offering for sale products that are covered by one or more claims of the '346 patent in violation of 35 U.S.C. §271.

48. On information and belief, Stafford's acts of direct, contributory and/or induced infringement of the '346 patent have damaged Plaintiffs, have been willful and deliberate and with actual notice and knowledge of the '346 patent.

49. Stafford's infringement of the '346 patent has caused and will continue to cause damage and irreparable injury to Plaintiffs for which there is no adequate remedy at law. Unless

enjoined by this Court, Defendant Stafford will continue its acts of infringement, causing Plaintiffs' substantial and irreparable harm.

## DEMAND FOR RELIEF

A. That this Court enter an Order permanently enjoining Defendant, its officers, directors, employees, agents, those in control of it or under its control, and those in privity with it having actual knowledge of the Order, as well as Defendant's successors and assigns: from using the Color Blue or any color confusingly similar thereto in connection with the sale of die cutter blankets and/or other products for the cardboard and corrugated products industry, which sale or offer for sale would give rise to a likelihood of confusion as to the source of such products as those being sold or offered for sale by Plaintiffs; from soliciting any business under the Color Blue trademark; from passing itself off as being associated with Plaintiffs or either of them; from attempting to register in its own name the trademark Color Blue or any trademark confusingly similar thereto; and from committing any other unfair practices directed toward obtaining for itself the business and customers of the Plaintiffs;

B. That this Court enter an Order that Defendant Stafford, its officers, directors, employees, agents, those in control of it or under its control, and those in privity with it having actual knowledge of the Order, its successors and assigns, surrender for destruction all products, containers therefor, labels, advertisements and other materials constituting a false designation or origin of Defendant's Color Blue brand products;

C. That this Court enter an Order that Defendant Stafford, its officers, directors, employees, agents, successors, assigns, those in control of it or under its control, and those in privity with it having actual knowledge of this Order, be permanently enjoined from using, in

connection with the sale of any rotary die cutter products or components, any labels and/or trade dress which would associate the products sold by Defendant Stafford with those emanating from Plaintiffs;

D. That this Court enter an Order adjudging Defendant Stafford to have infringed, contributed to infringement of and/or induced infringement of one or more claims of U.S. Patent No. 5,916,346;

E. That this Court enter an Order adjudging Defendant Stafford to have infringed, contributed to infringement of and/or induced infringement of one or more claims of U.S. Patent No. 5,720,212;

F. That this Court enter an Order requiring Stafford to account for the patent infringement, trademark infringement and unfair competition which is the subject of this Complaint and that Stafford pay monetary damages to Plaintiffs and each of them to compensate them for such infringement;

G. That this Court enter an Order enhancing Plaintiffs' damages up to treble damages pursuant to 35 U.S.C. §284 for the deliberate and willful nature of Stafford's infringement and conduct.

H. That this Court enter an Order granting Plaintiffs pre-judgment and post-judgment interest on the damages awarded.

I. That this Court enter an order declaring this to be an exceptional case and awarding Plaintiffs recovery of their costs and expenses and its reasonable attorneys' fees pursuant to 35 U.S.C. §285;

J. That this Court enter an Order granting Plaintiffs such other and further relief as the Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. r. Civ. P. 38, Plaintiffs demand a jury trial on all claims and issues triable of right by a jury.

DICAR, INC. AND ROBUD

Dated: *November 8, 2005*   By: _____

CARELLA, BYRNE, BAIN, GILFILLAN,
 CECCHI, STEWART & OLSTEIN
John G. Gilfillan III (0787)
David G. Gilfillan (4518)
5 Becker Farm Road
Roseland, New Jersey 07068
(973)994-1700
Attorneys for Plaintiff

By: _____

#269931 v1

-11-